Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000690
08-APR-2014
07:50 AM

NO. CAAP-12-0000690

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
COBY JONES, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 08-1-0170)

SUMMARY DISPOSITION ORDER
(By: Foley, Leonard and Ginoza, JJ.)

Defendant-Appellant Coby Jones (Jones) appeals from a Judgment Conviction and Sentence filed on June 13, 2012, and an Order Denying Defendant's Motion for Reconsideration of Sentence filed on July 12, 2012, entered by the Circuit Court of the Second Circuit (circuit court).[1]

In an Indictment filed on March 17, 2008, Jones was charged with Attempted Promoting a Dangerous Drug in the First Degree in violation of Hawaii Revised Statute (HRS) §§ 705-500 (1993) and 712-1241(1)(b)(ii)(A) (Supp. 2013) (Count 1); Prohibited Acts Related to Drug Paraphernalia in violation of HRS § 329-43.5(a) (2010) (Count 2); Promoting a Dangerous Drug in the Third Degree in violation of HRS § 712-1243(1) (Supp. 2013) (Count 3); and Prohibited Acts Related to Drug Paraphernalia in violation of HRS § 329-43.5(a) (Count 4).

---

[1] The Honorable Rhonda I.L. Loo presided.

Pursuant to a plea agreement with Plaintiff-Appellee State of Hawaiʻi (State), Jones pled no contest to Count 1, as amended to the lesser charge of Promoting a Dangerous Drug in the Second Degree in violation of HRS § 712-1242 (Supp. 2013), and to Count 2. The State agreed to dismiss Counts 3 and 4. The plea agreement provided in part that Jones "may ask for sentencing pursuant to Act 44 (HRS 706-622.5) and the State is free to oppose those requests and ask for prison."

At sentencing, Jones requested that he be sentenced to probation pursuant to HRS § 706-622.5 (Supp. 2007). The State opposed, arguing that it viewed the case as a distribution case. Without making a specific determination whether this was a distribution case, the circuit court determined that Jones was not a good candidate for sentencing under HRS § 706-622.5. The circuit court sentenced Jones to ten years of imprisonment on Count 1 and five years of imprisonment on Count 2, to be served concurrently.

On appeal, Jones contends that the circuit court abused its discretion when it determined that Jones was not a good candidate for probation pursuant to HRS § 706-622.5.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve Jones's point of error as follows and affirm.

HRS § 706-622.5 gives the circuit court discretion to sentence certain drug offenders to probation if the defendant is eligible under specified criteria in the statute. See HRS § 706-622.5(2) ("A person eligible under subsection (1) *may* be sentenced to probation . . . .") (emphasis added). HRS § 706-622.5(1) provides, among other things, that a person convicted of an offense involving *distribution* of specified drugs is *not* eligible for probation under the statute. See HRS § 706-622.5(1).

In Count 1, Jones pled no contest to an unspecified subsection of HRS § 712-1242.[2] HRS § 712-1242(1)(a) and (b) relate to *possession* of specified drugs, whereas subsection (1)(c) relates to *distribution* of specified drugs.

The circuit court did not abuse its discretion when it decided not to sentence Jones to probation under HRS § 706-622.5. "The authority of a trial court to select and determine the severity of a penalty is normally undisturbed on review in the absence of an apparent abuse of discretion or unless applicable statutory or constitutional commands have not been observed." State v. Reis, 115 Hawai'i 79, 83-84, 165 P.3d 980, 984-85 (2007) (citations omitted).

When originally adopted in 2002, HRS § 706-622.5(2) (Supp. 2002) provided that "[a] person eligible under subsection (1) *shall* be sentenced to probation to undergo and complete a drug treatment program." (Emphasis added). However, in 2004, HRS § 706-622.5(2) was amended such that even when a person is eligible under subsection (1), the trial court has discretion to sentence the person to probation under the statute, the revised language now stating that "[a] person eligible under subsection (1) *may* be sentenced to probation . . . ." HRS § 706-622.5(2) (emphasis added); see 2004 Haw. Sess. Laws Act 44, § 11 at 214.

---

[2] HRS § 712-1242 states:

§ 712-1242 **Promoting a dangerous drug in the second degree.** (1) A person commits the offense of promoting a dangerous drug in the second degree if the person knowingly:
  (a) Possesses twenty-five or more capsules, tablets, ampules, dosage units, or syrettes, containing one or more dangerous drugs; or
  (b) Possesses one or more preparations, compounds, mixtures, or substances of an aggregate weight of:
    (i) One-eighth ounce or more, containing methamphetamine, heroin, morphine, or cocaine or any of their respective salts, isomers, and salts of isomers; or
    (ii) One-fourth ounce or more, containing any dangerous drug; or
  (c) Distributes any dangerous drug in any amount, except for methamphetamine.
  (2) Promoting a dangerous drug in the second degree is a class B felony.

3

The record demonstrates that the circuit court considered probation under HRS § 706-622.5 as a sentencing option as required under HRS § 706-606(3) (1993). See State v. Hussein, 122 Hawai'i 495, 500-01, 229 P.3d 313, 318-19 (2010). Before making its sentencing determination, the circuit court heard argument for and against sentencing under HRS § 706-622.5 from both Jones and the State, and acknowledged that Jones was requesting sentencing under HRS § 706-622.5.

In sentencing Jones, the circuit court expressed several significant concerns. The court was clearly concerned with the quantity of drugs seized from Jones, stating "[t]he quantity was huge. . . . 110 grams [were] . . . packaged in 13 packets. When the police executed the search warrant, there were scales, lots of plastic bags all over the floor at the time." The circuit court also noted its concern that Jones had given multiple varying explanations at different points in the proceedings as to why he had such a large quantity of drugs in his possession, with the court ultimately stating "[b]ut I think the facts are clear. You had 110 grams of cocaine. There is no cutting it any other way." At another juncture, just before determining that Jones was not a good candidate for probation under HRS § 706-622.5, the circuit court stated, "[f]rankly, I think what is clear is that 110 grams is 110 grams." The circuit court also expressed its concern that instead of facing the charges Jones had fled, traveling to Bali, Australia and California, before being extradited from Las Vegas, and that it took years to get him back to Hawai'i.

It is thus clear from the record that the circuit court had multiple significant concerns about Jones, and the circuit court's statements during sentencing suggest that it believed the case involved distribution of drugs and not just possession. Regardless, however, of whether the circuit court determined that the case involved distribution of drugs or not (and thus whether Jones was eligible under subsection (1) of HRS § 706-622.5), the circuit court had discretion under subsection (2) of the statute

4

whether or not to sentence Jones to probation. Given the record in this case, the circuit court did not abuse its discretion in rejecting Jones's request for probation under HRS § 706-622.5.

Therefore, IT IS HEREBY ORDERED that the Judgment Conviction and Sentence, filed on June 13, 2012, and the Order Denying Defendant's Motion for Reconsideration of Sentence, filed on July 12, 2012, in the Circuit Court of the Second Circuit, are affirmed.

DATED: Honolulu, Hawai'i, April 8, 2014.


On the briefs:

Evan S. Tokunaga
Deputy Public Defender
for Defendant-Appellant

Peter A. Hanano
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

5